UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT JAMES EVANS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-01698-VEH-JHE |
| | ) |
| **BRANDON K. FALLS,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Albert James Evans has filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. (Doc. 1). On April 25, 2017, the magistrate recommended that "the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted." (Doc. 12 at 4). In that same document, the magistrate advised the Plaintiff of his right to object to the recommendation within fourteen (14) calendar days. (Doc. 12 at 4). The time for filing objections has now passed and no objections have been filed.

Having carefully reviewed and considered *de novo* the entire court file, including the report and recommendation of the magistrate, the Court is of the opinion that the magistrate's recommendation is due to be, and hereby is,

**ACCEPTED** and **ADOPTED** as the opinion of this Court.

The Court also notes that

> "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government," including "the initiation and pursuit of criminal prosecution," and "all appearances before the court, including examining witnesses and presenting evidence."

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (dismissing two section 1983 malicious prosecution claims against prosecutor) (*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615–16, 125 L.Ed.2d 209 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 492 111 S.Ct. 1934, 1942 (1991)); *see also*, *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010), *aff'd*, 566 U.S. 356, 132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012) (finding that prosecutor was entitled to absolute immunity from malicious prosecution claim). For all of these reasons, the Court specifically finds that the complaint in this case is due to be **DISMISSED WITHOUT PREJUDICE** because it fails to state a claim upon which relief may be granted. A final order will be entered.

**DONE** and **ORDERED** this 22th day of May, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

2